UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL NOBLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　Defendant. | Case No.   15-cv-03999-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF 10] |

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss, filed on September 8, 2015. ECF 10. More than 14 days have passed since Defendant filed this motion and Plaintiff has yet to file any opposition.[1] S*ee* Civ. L.R. 7-3. Because Defendant's motion is unopposed, the Court VACATES the hearing set for December 3, 2015. For the reasons discussed below, the Court GRANTS Defendant's unopposed Motion to Dismiss with leave to amend.

## I.   LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based either "on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1988). When determining whether a claim has been stated, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St.*

---

[1] The Court has verified that Plaintiff's counsel is a member of the California bar and notes its surprise at counsel's failure to oppose this motion.

*Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II.   BACKGROUND

### A.  Procedural History

Plaintiff brought a fraud and negligence action against Defendant in state court, asserting that Defendant altered Plaintiff's loan application documents. Defendant removed the action to this Court on the basis of diversity jurisdiction. *See* Not. of Removal, ECF 1.

Defendant now moves to dismiss this action on two bases: first, that each claim is barred by its statute of limitations and, second, that Plaintiff has not pled facts sufficient to state either claim. ECF 10.

### B.  Factual Allegations of the Complaint

Plaintiff identifies himself as the current owner of four properties and the former owner of one property, all located in Gulfport, MS. Compl. ¶ 1. Plaintiff alleges that, on or about July 16, 2007, he submitted loan applications to Defendant to secure mortgage financing for each property ("2007 Applications"). Compl. ¶¶ 2, 18, 20. Plaintiff alleges that Defendant's staff processed the 2007 Applications and returned applications ("Returned Applications") to Plaintiff to be signed. *Id.* ¶ 18, 20. On or about August 3, 2007, Plaintiff secured the financing. *Id.* ¶ 17.

Plaintiff alleges that the Returned Applications did not accurately reflect the information Plaintiff had submitted in the 2007 Applications. *Id.* ¶¶ 4, 6-7, 9-10, 12-13, 15-16, 20. Specifically, Plaintiff alleges that Defendant's employees[2] knowingly altered the information Plaintiff provided regarding his employment history and property ownership. *Id.* ¶ 29. Plaintiff contends that these alterations resulted in false statements on the Returned Applications. *Id.*

Plaintiff alleges that he did not, and could not have, become aware of these discrepancies until May 14, 2015. *Id.* ¶ 21. On May 14, 2015, an application Plaintiff had submitted to modify

---

[2] Plaintiff alleges that the employees worked for Defendant in ¶ 29, but earlier identifies them as agents of "either Chase or US Bank," *id.* ¶ 24, neither of which is named as a defendant.

2

the loans on the four properties he still owns was rejected. *Id.* ¶ 19. Plaintiff contends that the rejection was due to alleged nonconformities in the 2007 Applications. *Id.* Only following the rejection did Plaintiff compare the 2007 and Returned Applications and discover the alleged discrepancies. *Id.* ¶ 20.

### C. Factual Allegations Contradicted by Exhibits

Plaintiff attaches 15 exhibits to his complaint, comprising 125 pages. Defendant argues that the exhibits contradict a number of Plaintiff's allegations. Having inspected the documents, the Court agrees and finds that many of Plaintiff's allegations are, at best, not supported and, at worst, contradicted by the exhibits.

Plaintiff identifies Exhibits A-D[3] as the applications he submitted to Defendant on or around July 16, 2007. *Id.* ¶ 2. Contrary to his description, however, Exhibits A-D are loan applications Plaintiff's wife submitted to Latitude Capital Mortgage, LLC—a financial institution that is neither named as a defendant nor alleged to have any relationship to Defendant.

Next, Plaintiff identifies Exhibits E-I as the loan applications Defendant processed and returned to Plaintiff to be signed. *Id.* ¶ 20. Exhibits E, G, and H[4] appear to be loan applications processed by Defendant and signed by Plaintiff and Plaintiff's wife. One of the applications included in Exhibit F, which encompasses three loan applications, similarly appears to be a loan application processed by Defendant and signed by Plaintiff and Plaintiff's wife.[5] However, the other applications included in Exhibit F do not support Plaintiff's allegations: the first application was processed by Countrywide Home Loans, while the second was processed by Countrywide Bank; inconsistent with the allegations in the complaint, the interviewer for both is Brian Logan, not Ema Arredondo or Veronica Lopez, *see id.* ¶ 29. Finally, the reference to Exhibit I appears to

---

[3] Plaintiff initially identifies Exhibits A-E as the applications he submitted to Defendant. *Id.* ¶ 2. Later in the complaint, however, Plaintiff identifies only Exhibits A-D as the 2007 Applications, *id.* ¶ 20, and alleges that Exhibit E is one of the altered applications, *id.* ¶¶ 15-16. Given the similarities between Exhibit E and Exhibits F-H, the Court construes the reference to Exhibit E in ¶ 2 as a clerical error and considers only Exhibits A-D as Plaintiff's alleged 2007 Applications.
[4] Only the addendum to the loan application was signed by Plaintiff and Plaintiff's wife.
[5] Plaintiff's citation to Exhibit F in ¶ 19 is nevertheless incorrect. Plaintiff identifies Exhibit F as a loan application to Defendant for 1256 Tropical Cove, but the attached exhibit is an application for 1258 Tropical Cove.

3

be erroneous; Exhibit I is a Deed of Trust, not a loan application. *See* ECF 1-1.

Exhibits I[6]-N are deeds of trust, which evidence the mortgage financing secured for each of the five properties. Exhibit I, dated August 3, 2007, was issued by Countrywide Bank. Exhibits J-K, M-N are dated August 15, 2007 and were issued by Defendant. There are no deeds issued by Latitude Capital Mortgage, LLC.

### III. DISCUSSION

#### A. Statute of Limitations

Defendant argues that, even if Plaintiff's allegations are taken as true, both claims are barred by the statute of limitations. The statute of limitations in California is three years and two years, respectively, for fraud and negligence.[7] Cal. Civ. Proc. Code § 338(d), § 339(1).

"A cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (quoting *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1528 (2006)). Plaintiff alleges in the complaint that the events that gave rise to this case occurred in July and August of 2007—more than eight years ago.

Thus, if Plaintiff's claims survive at all, they must survive under the discovery rule. Under the discovery rule, "accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements." *Id; see also Nodine v. Shiley Inc.*, 240 F.3d 1149, 1153 (9th Cir. 2001). The "plaintiff must plead and prove the facts showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake." *General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991).

---

[6] Plaintiff references Exhibits J-N, but fails to include Exhibit I. *See* Compl. ¶ 20. Exhibit L is a duplicate of Exhibit J, with the adjustable rate rider additionally included.

[7] Plaintiff alleges negligence. Defendant erroneously argues against a claim of negligent misrepresentation. However, this difference is irrelevant for the Court's decision as the statute of limitation for both causes of action is two years. *See* Cal. Civ. Proc. Code § 339(1).

4

Plaintiff alleges that the "harm was not and could not have been discovered until May 14, 2015 when [Defendant] communicated in writing . . . that Plaintiff's loan modification applications . . . were denied for non-conformities." Compl. ¶¶ 34, 41. Plaintiff suggests that he could not have discovered the harm in 2007 "when the final loan documents were presented or *[sic]* his signature" because he had to sign "in a Federal Express office while he was traveling away from home" and was "given just minutes to review each [Returned Application] as altered by Defendant." *Id.* ¶ 31. However, Plaintiff does not allege that Defendant exerted any pressure on him, nor does he even allege that the purported limited time for review was due to Defendant, rather than, for example, his own rushed schedule or the Federal Express office's closing time. As a result, Plaintiff has failed to allege sufficient facts to support a claim of delayed discovery of his claims.

Plaintiff's claim that he did not discover the alleged fraud and negligence until May 14, 2015 does not support his contention that he could not have discovered it earlier. Even if a party neither reads an agreement nor considers the legal consequences of signing it, the signing party is presumed to know its contents and is thus bound. *Employee Painters' Trust v. J & B Finishes*, 77 F.3d 1188, 1192 (9th Cir. 1996). Based on Plaintiff's allegations and exhibits attached to the complaint, it appears that Plaintiff had all of the information he needed to discover the alleged harms in 2007. He possessed the Returned Application and knew whether or not the information—all of which concerned facts about him—was correct. Thus, these claims are time barred.

**B. Fraud**

Defendant additionally argues that Plaintiff has not pled facts sufficient to state a claim for fraud. In order to plead fraud, Plaintiff must allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Under California law, "every element of the cause of action for fraud must be alleged in full, factually and specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a pleading that is defective in any material respect." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).

Plaintiff fails to meet this pleading standard. Plaintiff attempts to meet the first element by alleging that Defendant misrepresented information about him in the Returned Applications and concealed those false statements. Compl. ¶ 29. Plaintiff next alleges that Defendant "knew these representations were false because it had Plaintiff's original Loan Applications bearing accurate information in its possession." *Id.* ¶ 30. However, the fact that Exhibits A-D, which Plaintiff submitted as the original loan applications to Defendant, are instead applications to another, unrelated lender contradicts both allegations: the exhibits fail to show that Defendant changed any statements in the application, much less that it did so knowingly. Furthermore, as Defendant notes, *see* Def.'s Mot. at 8, concealment could not have occurred because Plaintiff possessed the allegedly fraudulent loan applications—he could have seen the alleged inaccuracies at any point, had he ever chosen to review the paperwork he signed.

Plaintiff next attempts to show intent to defraud by describing the allegedly rushed manner in which he signed the loan documents. Compl. ¶ 31. However, as discussed above, Plaintiff has failed to allege that Defendant in any way caused the supposedly rushed circumstances.

Finally, Plaintiff argues that Defendant's alleged misrepresentation harmed him by causing the denial of his loan modification application. Compl. ¶ 33. However, Exhibit O, which Plaintiff attaches as the rejection letter, states that the application was rejected *not* because of discrepancies in Plaintiff's stated employment history and property ownership—the only alterations alleged— but because Plaintiff's 2007 applications "did not disclose debts/liabilities of other mortgage loans obtained from various lenders." Thus, Plaintiff's claim fails on every element of fraud.

**C. Negligence**

Finally, Defendant argues that Plaintiff has not pled facts sufficient to state a claim for negligence. In order to plead negligence, Plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001).

Under California law, financial institutions "owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Williams v. Bank of America*, 2010 WL 3034197, at *4 (E.D. Cal.

6

July 30, 2010) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991)). In *Nymark*, the court held that appraising security for a loan falls within the usual course and scope of loan processing procedures because the purpose is to protect the lender from default. 231 Cal. App. 3d at 1096. By the same logic, processing a loan application also falls within the usual course and scope of the loan process. Thus, Defendant did not owe Plaintiff any duty, and Plaintiff's negligence claim must fail.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss. The Court reluctantly grants Plaintiff leave to amend on a record where there is little assurance that Plaintiff can muster the facts necessary to state a claim.

Plaintiff shall file an amended complaint no later than November 12, 2015. Failure to do so will cause the case to be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 29, 2015

BETH LABSON FREEMAN
United States District Judge